ANNE MILGRAM
Attorney General of New Jersey
Attorney for defendants Nina Mitchell Wells, in her official
    capacity as the Secretary of State of New Jersey, and Anne
    Milgram, in her official capacity as the Attorney General of
    the State of New Jersey
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625-0112

By: Theodore B. Van Itallie, Jr.
    Assistant Attorney General and Director, Division of Law
    609-292-4965

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

VICINAGE OF TRENTON

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC., THE ASSOCIATED PRESS, CABLE NEWS NETWORK, INC., CBS BROADCASTING, INC., FOX NEWS NETWORK, L.L.C. AND NBC UNIVERSAL, INC.,<br><br>    Plaintiffs,<br><br>        v.<br><br>NINA MITCHELL WELLS, in her official capacity as the SECRETARY OF STATE OF NEW JERSEY and ANNE MILGRAM, in her official capacity as THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,<br><br>    Defendants. | Honorable Peter G. Sheridan, U.S.D.J.<br><br>CIVIL ACTION<br><br>CASE NO. 09-05275-PGS-ES<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants Nina Mitchell Wells, in her official capacity as the Secretary of State of New Jersey, and Anne Milgram, in her official capacity as the Attorney General of the State of New Jersey, by way of Answer to the Complaint for Declaratory and

Injunctive Relief (herein referenced as the complaint), state as follows:

## NATURE OF THE ACTION

1. Defendants admit the allegations contained in paragraph 1 of the complaint, except state that they lack knowledge or information sufficient to form a belief about the truth of the allegation that the exit polling that these plaintiffs have conducted for more than twenty years has occurred "without incident."

2. Defendants admit the allegations contained in paragraph 2 of the complaint.

3. Defendants admit that plaintiffs' action challenges the constitutionality of the statues set forth in paragraph 2 of the complaint as applied to exit polling activities. Defendants lack knowledge or information sufficient to form a belief about why plaintiffs seek this Court's intervention. Defendants make no response to the remaining allegations set forth in paragraph 3 of the complaint because they constitute conclusions of law to which no response is required and are therefore deemed denied.

## JURISDICTION AND VENUE

4. Defendants admit that this Court has jurisdiction over this complaint under 28 U.S.C. §§ 1331 and 1343.

5. Defendants admit that venue is proper.

6-11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation contained in paragraphs 6 through 11, inclusive, of the complaint.

12-13. Defendants admit the allegations contained in paragraphs 12 and 13 of the complaint.

### **Plaintiffs' Newsgathering Activities**

14. Defendants admit the allegations contained in paragraph 14 of the complaint, except state that they lack knowledge or information sufficient to form a belief about the reasons for which plaintiffs have jointly conducted exit polling.

15. Defendants admit that Edison Media Research has conducted exit polling in past elections.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 15 of the complaint.

16. Defendants admit the allegations contained in the first sentence of the complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 16 of the complaint.

17-18. Defendants deny the allegations contained in the last sentence of paragraph 18 of the complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraphs 17 and 18 of the complaint.

**Use of Exit Polling Data by Plaintiffs and Others**

19-20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 19 and 20 of the complaint.

21. Defendants admit that each of the plaintiffs reports on and presents extensive analyses of the results of exit polls as part of their election-night reporting but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 21 of the complaint. To the extent that plaintiffs rely on a transcript of November 4, 2008, election coverage, that document speaks for itself.

22. Defendants admit that plaintiffs' local affiliates present similar analyses of the results of exit polls as part of their reporting but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 22 of the complaint. To the extent that plaintiffs rely on a transcript of February 6, 2008, election coverage, that document speaks for itself.

23. Defendants admit the allegations contained in the second sentence of paragraph 23 of the complaint but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 23 of the complaint.

24-25. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 24 and 25 of the complaint.

### Plaintiffs' Activities in New Jersey

26. Defendants admit the allegations contained in the first two sentences of paragraph 26 of the complaint. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the last sentence of paragraph 26.

27-28. Defendants admit the allegations contained in paragraphs 27 and 28 of the complaint.

### COUNT I

29. Defendants incorporate by reference their answers to paragraphs 1 to 28 of the complaint as if fully set forth at length herein.

30. Defendants deny the allegations contained in the first sentence of paragraph 30 of the complaint. The remaining allegations contained in paragraph 30 of the complaint constitute conclusions of law to which no response is required and are therefore deemed denied.

31. Defendants deny the allegations contained in the first sentence of paragraph 31 of the complaint. The remaining allegations contained in paragraph 31 of the complaint constitute

conclusions of law to which no response is required and are therefore deemed denied.

32. Defendants admit the allegations contained in the first sentence of paragraph 32 of the complaint. Defendants deny the remaining allegations contained in paragraph 32 of the complaint.

WHEREFORE, Defendants deny that plaintiffs are entitled to any of the relief requested in the complaint, or to any other relief; and Defendants respectfully request the following relief from the court:

a)   dismissal of the complaint with prejudice;

b)   the entry of judgment in favor of Defendants and against plaintiffs;

c)   attorneys' fees, interest and costs of suit; and

d)   any other relief this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

This suit or portions thereof are barred by sovereign immunity.

<u>Third Affirmative Defense</u>
<u>Notice of Additional Affirmative Defenses</u>

Defendants hereby give notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserve the right to amend their answer to assert such defenses.

```
                              ANNE MILGRAM
                              ATTORNEY GENERAL OF NEW JERSEY


                         By: /s/ Theodore B. Van Itallie, Jr.
                              Theodore B. Van Itallie, Jr.
                              Assistant Attorney General
```

Dated: November 5, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that, on the below date, I filed the within Answer and Affirmative Defenses via CM/ECF with the Clerk of the Court where venue is located in this matter, and that a copy of this document has therefore been served by electronic notice in accordance with <u>L.Civ.R.</u> 5.2 upon the other parties to this action.

```
                              /s/Theodore B. Van Itallie, Jr.
                              Theodore B. Van Itallie, Jr.
```

Dated: November 5, 2009